# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2022

Lyle W. Cayce
Clerk

No. 21-50748
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE MENCHACA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-78-2

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Jose Menchaca challenges his sentence for conspiring to transport illegal aliens and transporting illegal aliens for financial gain. The district court applied a sentencing enhancement pursuant to U.S.S.G. § 2L1.1(b)(6) after it determined that Menchaca created a substantial risk of death or

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50748

serious bodily injury to the aliens he transported.  Menchaca contends that the circumstances of his offense do not warrant the enhancement.

We review a district court's interpretation and application of the Guidelines de novo and its factual findings for clear error.  *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016); *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).  The vehicle at issue was overcrowded with 15 aliens (one driver and 14 passengers), with multiple individuals lying on top of each other, and was visibly carrying a lot of weight.[1] As the commentary to § 2L1.1 provides "carrying substantially more passengers than the rated capacity of a motor vehicle," § 2L1.1, comment. (n.3), as an example of reckless conduct that would support such an enhancement, the district court did not clearly err when it applied the § 2L1.1(b)(6) enhancement on these facts, *see Torres-Hernandez*, 843 F.3d at 207; *Rodriguez*, 630 F.3d at 380.

AFFIRMED.

---

[1] In his brief to this court, Menchaca claims he was unaware of the number of passengers who would be in the suburban.  This argument was not raised in the district court, and he failed to properly brief before this court any claim of plain error, so we do not consider this argument.  *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (noting that inadequately briefed arguments are deemed abandoned).